BRIAN H GETZ, ESQ. (CSBN 85593)
LAW OFFICES OF BRIAN H GETZ
201 California Street, Suite 450
San Francisco, CA 94111
Telephone: (415) 912-5886
Facsimile: (415) 358-4770
Email: bhgetz@pacbell.net

Attorney for Defendant
TODD DONALD DUNPHY (01)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>TODD DONALD DUNPHY, (01)<br>Defendant. | CASE NO. 4:15-cr-00161 YGR<br><br>DEFENDANT'S NOTICE OF MOTION, MOTION, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Date: April 20, 2017<br>Time: 2:00 p.m.<br>Courtroom: 1<br><br>The Hon. Yvonne Gonzalez Rogers |
|---|---|

TO: BRIAN STRETCH, U.S. ATTORNEY, NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT Defendant TODD DONALD DUNPHY, by and through his attorney, BRIAN H GETZ, hereby files this Notice of Motion and Motion for early termination of his supervised release to be heard on April 20, 2017 at 2:00 p.m. in Department 1 of this Court.

A previous motion for early termination of Defendant's probation was heard by this Court on August 25, 2016 (Defendant was represented by his previous counsel at that hearing). At that time, the Court denied the overall motion, but modified the terms of Defendant's supervised release such that if Defendant had an opportunity while on probation to work or teach out of the

country in the field of Martial Arts, his travel requests could be approved by his Probation Officer without prior approval of the Court. (Defendant is an established world champion in the field of martial arts, and is much sought after to participate in tournaments, perform stunt work, and to teach.) See *Declaration of Todd Dunphy in Support of Motion for Early Termination of Supervised Release* ("Dunphy Decl."), Para 3.

The Court's modification of the terms of Defendant's supervised release was intended foremost to assist him in getting his travel requests evaluated and approved, so that he would not have to pass up work opportunities and lose income because the process of obtaining travel approvals from both the Probation Officer, and the Court, was often slow.

The following were the court's comments at the conclusion of the August 25, 2016 hearing:

> *I am prepared to take a step. Not grant the entire motion [for early termination of supervised release] but I am prepared to delegate to Mr. Love [Defendant's USPO] the discretion to approve international travel for business purposes, including teaching. That way that's one less step.*
>
> *Counsel, if you are finding that Mr. Love is not being responsive, and you can come back to me and perhaps if he's not doing his job, then I can take him to task and figure out a different kind of solution. But I would need evidence that we are not responding, that we are not, you know, doing our job on our end.*
>
> *In the meantime, this remains, I think, a good resolution for Mr. Dunphy. And we will maintain this schedule until I have some extraordinary reason not to do so. And if it means that he's not able to work or earn a living or something like that because of the complications on our end, that would be an extraordinary reason. [emphasis added]*
> Transcript of August 25, 2016 Hearing, pp. 13:16-14:14

In the instant motion, Defendant requests the court to again consider early termination of Defendant's supervised release because precisely the circumstance the Court foresaw would constitute an extraordinary reason to seek further action from the Court, i.e., if Defendant's employment opportunities were being interfered with, has occurred.

## BACKGROUND INFORMATION

On May 29, 2012, Defendant Dunphy was sentenced to 33 months' custody to be followed by three years of supervised release for two convictions related to the sale and distribution of marijuana. The case was brought in the United States District Court for the District of Hawaii, where Defendant's sentencing and incarceration took place, and was later transferred to the United States District Court for the Northern District of California, after Defendant returned to the Bay Area in March, 2016 -- he is originally from Santa Cruz--, after his release from custody.

Mr. Dunphy served twenty-four months of his sentence, and was released from incarceration on December 9, 2014. At the time of filing of this motion, Mr. Dunphy has successfully completed nearly twenty-eight months of his supervised release without violating any of the terms and conditions of such; his supervised release will expire on December 9, 2017, eight months hence. See *Declaration of Brian H Getz in Support of Motion for Early Termination* ("Getz Declaration"), Para. 8. Mr. Dunphy is currently assigned to supervised release under the direction of U.S. Probation Officer, Bobby H. Love. He seeks early termination of his supervised release based on his successful performance while on probation.

## LEGAL ARGUMENT

The Court has discretion to grant early termination of Defendant's supervised release pursuant to 18 U.S.C. Section 3583(e), which provides:

> (e) Modification of conditions or revocation. The court may, after considering the factors set forth in 18 U.S.C. Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7):
>
> 1. terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice.

Mr. Dunphy has fulfilled the requirement of being on supervised release for at least one year pursuant to 18 USC 3583(e)(1), before requesting termination of supervised release. He has also performed very well during his nearly twenty-eight months of probation, having ably complied with all of the terms and conditions of his supervised release, having had no further contact with law enforcement, and having paid all special assessments and restitution required.

Dunphy Decl., Para. 2.

Mr. Dunphy also meets the eligibility requirements contained in the two-prong test under U.S.C. Section 3583(e)(1), which establishes that termination is warranted by (1) the conduct of the defendant; and (2) the interests of justice. Mr. Dunphy's conduct while he was in custody and through his supervised release has been excellent throughout, as evidenced by his receipt of a letter of congratulations for his martial arts and other achievements from his sentencing judge. See Dunphy Decl., Para 4.

An additional factor which warrants consideration here (per the second prong of the two-prong test, the interest of justice) is simply that Defendant is currently 56 years old, which is quite an advanced age for a sportsman/martial artist. His employment opportunities in the martial arts field, to teach, perform, or compete, are not going to be forthcoming forever, simply due to his age, and he could well lose significant income and further opportunities, even in the eight months that remain of his supervised release term.

The Court's granting Defendant's Probation Officer discretion to approve his international travel requests, should theoretically have expedited the travel approval process for Defendant, but unfortunately, it has not. Mr. Dunphy applied to his Probation Officer, Mr. Love for international travel for work purposes to Ireland, Portugal, Venezuela, Nicaragua, Colombia, Bali, Spain, and Barbados, shortly after his previous early termination hearing was heard before this Court, on August 25, 2016. He has since also submitted requests to travel to Costa Rica and Mexico. Dunphy Decl., Para 7. Of these requests, only his trip to Ireland was approved, and that approval came at the very last moment, nearly two months after the travel request was submitted. Dunphy Decl., Para. 9.

As of the date of filing this motion, Mr. Dunphy is scheduled to travel next Monday, April 3, 2017, to Portugal, and although he was told by Mr. Love when he ran into him at a Trader Joe's not long ago, that he would be granted permission for the trip, he has still not received confirmation, which is very stressful, as Mr. Dunphy has purchased airline tickets and made professional commitments. Dunphy Decl., Para 15.

An additional issue is that Mr. Dunphy and Mr. Love seems to have come to different conclusions as to whether Mr. Dunphy, as a convicted felon, can travel to certain countries. Mr. Love has told him that he cannot travel to Mexico and Costa Rica, but Mr. Dunphy believes, based on his own research, that he is eligible to travel to these countries as long as he stays less than 90 days and arrives with a return ticket. Dunphy Decl., Para 18. Mr. Dunphy believes that his Probation Officer, Mr. Love, does not have the time or resources to conduct deep research into the travel regulations of multiple countries, and the end result seems to be that when it is difficult for U.S. Probation to get a clear and timely answer from a given country - which may be more the norm, rather than the exception - the end result is that the travel request goes unresponded to, in these cases for over seven months. Dunphy Decl., Para. 18. Such delays effectively bar Mr. Dunphy from accepting the exceptional work opportunities that have come his way; thus, he seeks early termination of his supervised release.

Mr. Dunphy is perhaps to some extent a victim of his own success in this instance. He has had a plethora of international job opportunities, and has submitted at least a dozen travel requests to his U.S. Probation Officer since August 25, 2016, most of which have gone unresponded to. Dunphy Decl., Para 11. It is conceivable that this sheer number of travel requests is more than the U.S. Probation Officer can readily handle, for lack of resources to contact embassies, wait for embassy responses, and keep in contact with Defendant so that his work opportunities are not foregone. Getz Decl., Para 12. As a practical matter, and taking his excellent record into consideration, this may well constitute a good reason in and of itself for the Court to grant Defendant's request for early termination of his supervised release. Alternatively, the Court could allow U.S. Probation to approve Defendant's travel requests not based on whether a given country will admit him to work, or not, but simply based on his record, behavior and reliability; in other words, Mr. Dunphy could assume the risk of signing a contract or buying an international plane ticket himself, and if he were to travel to a county and then not be admitted, due to his own faulty research, then he could simply return to the U.S. Such a system would not seem to compromise the U.S. Probation Department in any way. Dunphy Decl., Para. 22.

In considering whether or not to terminate a defendant's supervised release early, the

Court must take into consideration the nine factors specified in 18 U.S.C. Section 3583(e), which are as follows:

1. Defendant's stable community reintegration (residence, family, employment

Since his release, Mr. Dunphy has lived and worked at 21796 Princeton Street, Hayward, California 94541. The property is owned by Gerry Properties, a Castro Valley property management company, for whom Defendant works as a maintenance man on an as-needed basis. Getz Decl., Para 9.

2. Progressive strides towards supervision objectives and compliance with all conditions of supervision. Mr. Dunphy has fully complied with each and every condition of his supervised release, passed every drug test, and paid all Court ordered fines and restitution, in full. (Declaration of Defendant Dunphy in support of Motion for Early Termination of Supervised Release "*Dunphy Declaration*," Para. 2.)

3. No aggravated role in the offense of conviction, particularly large drug or fraud offenses. Mr. Dunphy pled guilty to an aggravated financial count related to marijuana.

4. No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence). Mr. Dunphy has no history of violence.

5. No recent arrests or convictions (including unresolved pending charges) or ongoing uninterrupted patterns of criminal conduct. Mr. Dunphy has no recent arrests or convictions; there are no pending charges against him.

6. No recent evidence of alcohol or drug abuse. Mr. Dunphy is "clean and sober" and has passed every drug test administered to him (*Dunphy Decl.*, Para 2).

7. No recent psychiatric episodes. Mr. Dunphy has no history of psychiatric episodes.

8. No identifiable risk to the safety of any identifiable victim. There are no victims to whom Mr. Dunphy poses a risk.

9. No identifiable risk to public safety based on the Risk Prediction index.

There is no identifiable risk to public safety posed by Mr. Dunphy, based on the Risk Prediction index.

In summary, Mr. Dunphy has successfully reintegrated into the community, and for all intents and purposes, no longer requires supervised release. Defendant, at fifty-six years of age, is in need of earning money, both to support himself now and to save for retirement. Getz Decl., Para 14. Continued supervision is impeding Defendant's ability to accept international work offers in the martial arts field to compete, teach, and perform, because he is experiencing undue delays getting his travel requests approved. Getz Decl., Para 10.

Mr. Dunphy has a busy schedule, working, teaching martial arts classes, and assiduously continuing to train in martial arts. At this juncture, he simply seeks to avail himself of the exceptional work and teaching opportunities that have come his way, as a result of his martial arts accomplishments. The Court's early termination of his supervised release will allow him to do this; the early termination will conserve court resources, and it will be to no one's detriment.

Dated: March 27, 2017         Respectfully submitted,

                              LAW OFFICES OF BRIAN H GETZ


                                   /s/ Brian H Getz
                              BRIAN H GETZ
                              Attorney for Defendant Todd Dunphy