BRIAN H GETZ, ESQ. (CSBN 85593)
LAW OFFICES OF BRIAN H GETZ
201 California Street, Suite 450
San Francisco, CA 94111
Telephone: (415) 912-5886
Facsimile: (415) 358-4770
Email: bhgetz@pacbell.net

Attorney for Defendant
TODD DONALD DUNPHY (01)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | CASE NO. 4:15-cr-00161-YGR |
|---|---|
| Plaintiff, | DECLARATION OF TODD DONALD DUNPHY IN SUPPORT OF MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |
| v. | |
| TODD DONALD DUNPHY, (01) | |
| Defendant. | |

I, Todd Donald Dunphy, say and depose:

1. I am the defendant in this action. I make this Declaration in support of my Motion for Early Termination of Supervised Release of my own personal knowledge and, if called upon to do so, could and would testify competently as stated herein.

2. I have been on supervised release approximately twenty-eight months, and I have complied with all of the terms and conditions of my supervised release, have had no further contact with law enforcement, have passed every drug test, and have paid all special assessments and restitution required

3. I am an established world champion in the field of martial arts, and have been much sought after during my supervised release to participate in tournaments, perform stunt work, and to teach (please see Exhibit "A" hereto, which contains some of my champion podium medal

1
Declaration of Defendant Dunphy ISO Motion for
Early Termination of Supervised Release

photos, as well as a recent magazine on which I am featured on the cover).

4. As further evidence of my achievements and success while on supervised release, attached as Exhibit "B" to this Declaration is a letter of congratulations from the Honorable Susan Oki Mollway, my sentencing judge in the U.S. District Court, District of Hawaii.

5. At the previous hearing on my motion for early termination of supervised release, the Court denied my motion, but gave my Probation Officer, Bobby H. Love, discretion to approve my travel requests without prior court approval so that I would not lose out on employment opportunities in martial arts that were coming my way due to delays in obtaining court approval.

6. Unfortunately, I have experienced tremendous difficulties in getting my travel requests approved by Mr. Love; the great bulk of international travel requests I have submitted to Mr. Love were submitted to him within a few days following the August 25, 2016 hearing, but to date, these have neither been approved or disapproved by the Probation Office; they've simply gone unresponded to, for over seven months, and I've experienced a concomitant loss of income and loss of job opportunities.

7. After the August 25, 2017 hearing, I submitted travel requests to Mr. Love with regard to professional opportunities I had in the following countries: Ireland, Portugal, Venezuela, Nicaragua, Colombia, Bali, Spain, and Barbados; within the next several months I also submitted requests to travel to Costa Rica and Mexico.

8 Appropriate documentation as to the professional pursuit that was the reason for my proposed travel was submitted to Mr. Love along with each travel request.

9. My trip to Ireland for the WKC World Championships (10-30-16 to 11-4-16), although approved at the very last minute, was subject to more than a two-month delay, which caused me a great deal of unnecessary inconvenience and stress.

10. Mr. Love did not respond at all to my request to travel to Barbados; I had accepted an employment opportunity, but later cancelled it when I realized approval was not forthcoming.

11. My request to travel to Bali was never responded to.

2
DECLARATION OF TODD DUNPHY ISO MOTION
FOR EARLY TERMINATION OF SUPERVISED RELEASE

12. My travel request to travel to Spain was never responded to.

13. My travel request to travel to Venezuela was never responded to.

14. My travel request to travel to Nicaragua was never responded to.

15. My next travel to Portugal is scheduled for April 4-15, 2017, and I am scheduled to leave next Monday, April 3, 2017, but although Mr. Love told me when I ran into him at a Trader Joe's not long ago, that this trip would be approved, I have actually not received confirmation - again, which is very stressful, as I have purchased airline tickets and made professional commitments.

16. I have enjoyed a very good rapport with my Probation Officer, Bobby Love, and I greatly appreciate his efforts on my behalf while I have been on supervised release; I believe Mr. Love will attest that I have an excellent, and unblemished record in every category required, while I have been under his supervised release.

17. I believe by virtue of my excellent record while on supervised release, that I am eligible to be granted the privilege of traveling internationally.

18 I further believe that my Probation Officer, Mr. Love, does not have the time or resources to conduct deep research into the travel regulations of multiple countries, and to ascertain whether I, as a convicted felon, can travel there, and moreover, he and I have come to separate conclusions in our research -  for example, he told me I cannot travel to Costa Rico or Mexico, but I believe, based on my own research, that I can, and I very much want to take advantage of professional opportunities I have in these countries.

19. I earnestly request the Court to terminate my supervised release early so that I can take advantage of the professional opportunities abroad that have come my way, and that even eight months from now, when my term of supervised release is over, may not be as plentiful or numerous.

20. I understand that my Probation Officer is charged with ensuring that any restriction on my travel can be met; nonetheless, my research indicates that I will not meet with restrictions in the countries to which I wish to travel, if I stay less than 90 days, and have a return ticket.

21.     I have always kept in close contact with Mr. Love, my Probation Officer, but with regard to these travel requests, communication has been a one-way street; I have emailed, called, and texted Mr. Love an extraordinary number of times to ask about my pending travel requests, and there has truly been a complete failure of response (See Exhibit "C" hereto, which contains a sampling of my email entreaties to Mr. Love to please let me know the status of my travel requests - there are too many of these emails to include all of them.)

22.     If the Court does not wish to terminate my supervised release, I would ask that the Court allow U.S. Probation to approve my travel requests not based on whether a given country will admit me or not, but simply based on my record, behavior, and reliability (which in every case are excellent): such a system would allow me to assume the risk myself of committing to a contract, or buying an international plane ticket, and if I were not to be admitted to a given country upon travel there, I would simply return to the U.S. using my previously purchased return ticket - I don't believe that such a system would compromise the U.S. Probation Department in any way, and it would be to my great benefit.

23.     I believe the Court wishes to support the employment objectives of those on probation as part of their overall rehabilitation and reintegration into community life, and in my case, those objectives are closely tied to my ability to travel internationally.

24     At fifty-six years of age, I do not expect to have prime employment opportunities forever, so when I lose one, it hurts me a great deal in every way - financially, personally and emotionally.

25.     I heartily thank the Court for its time in considering this request.

I swear under penalty of perjury that this declaration is true and correct and that it was signed this 29th day of March, 2017 at Hayward, California.

_____
TODD DONALD DUNPHY