BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA VALLIERE (DC 439353)
Chief, Criminal Division

ZACHARY M. GLIMCHER (CABN 308053)
Special Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3689
    FAX: (510) 637-3724
    zachary.glimcher@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>TODD DONALD DUNPHY,<br><br>    Defendant. | NO. CR 15-00161 YGR<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE |

Todd Donald Dunphy ("the Defendant") has filed a motion for early termination of his term of supervised release, pursuant to 18 U.S.C. § 3583(e)(1). For the reasons explained below, the United States opposes the motion and recommends the Court deny it.

**FACTUAL BACKGROUND**

In September, 2008, the Defendant pled guilty to violating: 21 U.S.C §§ 841(a)(1) and 846 – Conspiracy to Distribute and Possession with Intent to Distribute approximately 60 pounds of marijuana; and 31 U.S.C. §§ 5324(a)(3), (d)(2), Code of Federal Regulations § 103.11, and 18 U.S.C. § 2 – Attempting to Cause a Domestic Financial Institution to Fail to File a Currency Transaction Report

for a Currency Transaction in Excess of $10,000. On May 12, 2012, the defendant was sentenced to 33 months in custody and 36 months of supervised release to follow. The defendant was released from custody on December 9, 2014. Since that time, he has completed all but eight months of his supervised release. While on supervised release, the defendant has engaged in a variety of activities in furtherance of his passion for and career in martial arts.

On June 15, 2016, the defendant moved the Court for early termination of his supervised release. *See* Dkt. 5. On August 25, 2016, the Court heard and denied the motion. *See* Dkt. 12. In reaching its decision, the Court delegated authority to the defendant's probation officer to approve international travel, so the defendant could pursue work opportunities. It also stated that barring an extraordinary reason, continuing on supervised release with the delegated authority to the probation officer was a good resolution. The example the Court gave, which would rise to the level of "extraordinary," and so necessitate revisiting the question of early termination, was if the defendant was *not* able to work or earn a living due to complications with his probation officer.

## ARGUMENT

Title 18, United States Code, § 3583(e)(1), gives the Court authority to terminate a term of supervised release early. It provides, in part:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

Among the factors set forth in the specified sections of 18 U.S.C. § 3553(a) are: the nature and circumstances of the offense, providing adequate deterrence to further criminal conduct, and reducing sentencing disparities. 18 U.S.C. § 3553(a)(1), (2)(B), (6).[1] It is the defendant's burden to demonstrate that his situation merits early termination of supervised release. *United States v. Weber,* 451 F.3d 552, 559 n. 9 (9th Cir. 2006). However, "the expansive phrases," "conduct of the defendant" and "interest of justice" make clear that a district court enjoys discretion to consider a wide range of circumstances when

---

[1] The Court must explain its decision but need not "tick off" each of the listed 18 U.S.C. § 3553(a) factors. *See* U.S. v Emmett, 749 F.3d 817, 821-22 (9th Cir. 2014).

U.S. OPPO. TO MOT. TO TERMINATE SUPER. REL.
CR 15-00161 YGR                                2

determining whether to grant early termination."[2]

The arguments the Defense raised in its motion for early termination are: the Defendant is statutorily eligible, having been on supervised release for at least one year, has performed "very well," and "ably complied" with his conditions of supervised release (*See* Dkt. 15, P. 3, Lns. 26-27), his supervised release conditions inhibit his ability to freely and fully pursue employment opportunities, given his "advanced" age and the demands and nature of the industry, he cannot afford to miss these opportunities (*See* Dkt. 15, P. 3, Ln. 11), and the delayed responses and/or approvals he has gotten from his probation officer and time remaining on supervised may cost him career opportunities and financial loss. These reasons, the Defense argues, culminate to create the "precise circumstance," the Court defined as extraordinary, necessitating revisiting the issue of early termination. *See* Dkt. 15, P. 4, Ln. 25.

As the Defense conceded (*See* Dkt. 15, P. 2), to revisit the issue of early termination, the Court required a showing that the Defendant is unable to work or earn a living, and furthermore, that this was due to a deficiency on the part of Probation. The Defense's argument speculates that the supervised release conditions may impinge upon the Defendant's income and earning opportunities. Thus, the Defense has not shown present inability to work or make a living.

Additionally, any potential loss of earning or career opportunity missed is not attributable to Probation. Following the Court's delegation of authority, the Defendant's probation officer gained the sole responsibility of responding to and approving all of the Defendant's requests for international travel. On August 30, 2016, the Defendant submitted requests for future travel to Costa Rica, Ireland, Barbados, Thailand, and Portugal. Within one week, Probation Officer Bobby Love wrote to each country's consulate or embassy, requesting permission for the Defendant to travel. As of the filing of Probation's response, on April 10, 2017, Mr. Love had received no replies. In October 2016, Mr. Love again contacted representatives of Costa Rica and Ireland. He learned Costa Rica has a policy, which precluded the Defendant's travel, due to his recent felony conviction. Ireland does not have such a policy, but the Border/Customs agent would have the final say about the Defendant's entry. In a subsequent request for permission to travel to Mexico, Mr. Love informed the Defendant that Mexico does will not grant entry to non-Mexican citizens who have prior felony convictions. The Defendant not

---

[2] Id at 819.

taking Mr. Love at his word, Mr. Love indulged the Defendant by writing a letter to the Mexican consulate. *See* Probation Response, P. 2, ¶ 3.

Mr. Love has been commendably diligent in seeking approval for the Defendant's travel requests, and he approved them when it was appropriate to do so. The barriers to the Defendant's international travel do not stem from the U.S. Probation Office. Indeed, the travel restrictions the Defendant faces are due to his own past, criminal conduct, resulting in a felony conviction. While on supervised release, it is unreasonable for the Defendant to travel internationally, without clear, prior approval from the host country, as Probation may bear liability for approving such travel. It is also unreasonable, as the Defense suggested, to terminate supervised release, so the Defendant can bear the risks on his own. If anything, Mr. Love's diligence has protected the Defendant from exposure to international, criminal sanctions, for illegal travel.

The Defendant's conduct while on supervised release has been, as the Defense stated, "excellent." He has complied with his conditions, and he has not had any violations. These positive evaluations are to be expected and commended, but not necessarily rewarded with early termination. Furthermore, as explained above, the Defense failed to meet the standard for reconsideration the Court set in denying the previous motion. The United States acknowledges that career opportunities in the Defendant's chosen field are arguably age-sensitive. However, the remaining eight months of supervised release the Defendant has will not be determinative in the fate of the Defendant's career trajectory.

*//*
*//*
*//*
*//*
*//*
*//*
*//*
*//*
*//*

# CONCLUSION

Based on the above reasons, the United States requests the Court deny the Defendant's motion for early termination of supervised release.

DATED: April 13, 2017                      Respectfully submitted,

/s/
BRIAN J. STRETCH
United States Attorney

/s/
ZACHARY M. GLIMCHER
Special Assistant United States Attorney